IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT PATRICK KIRO,

    Plaintiff,

v.                                                                                                              No. CIV 03-1223 JB/ACT

BILLY W. MOORE, ERNEST C.
BECENTI, JR., AND HARRY H.
MENDOZA, BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF MCKINLEY; MANAGEMENT &
TRAINING CORPORATION, INC.,
a Delaware Corporation; MATTHEW
"CODY" GRAHAM; SHANNON
SILVERSMITH; ROSANDA MARIANO;
AND UNKNOWN PERSONS 1 through 100,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Matthew "Cody" Graham and Shannon Silversmith for Failure to Timely Serve Them, filed August 16, 2004 (Doc. 9). The Court held a hearing on this motion on April 21, 2005. The primary issue is whether Kiro was required to serve process on the Defendants Matthew Graham, Shannon Silversmith, and Rosanda Mariano.[1] Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, and because the Court finds that service of process was required on Graham, Silversmith, and Mariano, and that Kiro has not timely served them, the Court

---

[1] Although the motion's caption requests dismissal of Graham and Silverstone, in the briefing on the motion, the Response and Reply discuss the dismissal of Mariano as well. Accordingly, the Court will decide whether to dismiss Mariano, in addition to Graham and Silverstone, for failure to timely serve her.

will grant the Defendants' motion if Kiro does not perfect service within ten days of this Memorandum Opinion and Order. If service is not perfected within ten days, the Court will dismiss Graham, Silverstone and Mariano without prejudice.

## PROCEDURAL BACKGROUND

Kiro filed his Complaint in state court, naming Management and Training Corporation, Inc. ("MTC") and various other Defendants, including Graham, Silversmith, and Mariano. The Defendants removed this case to federal court on October 22, 2003. See Doc. 1. In removing the case to federal district court, the Defendants' counsel, Eaton & Krehbiel, P.C., acted on behalf of "Defendants." See Notice of Removal at 1 ("Defendants, through their attorneys, Eaton & Krehbiel, P.C., hereby give notice of the removal . . . ."); id. at 3 (attorney signature is "Eaton & Krehbiel, P.C., by P. Scott Eaton, James P. Barrett, Attorneys for Defendants").

The Notice of Removal was not expressly limited to the Board of County Commissioners of McKinley ("McKinley County") and MTC. Kiro contends that Eaton & Krehbiel, P.C. removed the matter on behalf of all Defendants. Such action would be consistent with the usual rule that all defendants in an action in a state court must consent to removal. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 393 (Kennedy, J., concurring)("Removal requires the consent of all the defendants.")(citing Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245, 258 (1900)). Mr. Eaton contends he removed only on behalf of the served Defendants, see Transcript of Hearing 6:12-14; id. at 6:20-22, although he conceded at the hearing that the Notice of Removal was ambiguous, see id. at 6:22-23.[2]

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

The Notice of Removal indicates that the Complaint was served on Moore, Becenti, Mendoza, and McKinley County. McKinley County answered the Complaint on October 31, 2003. See Doc. 2. MTC was served with a summons and complaint on December 3, 2003. See Doc. 6. MTC filed an answer on December 28, 2003. See Doc. 7.

Approximately eighteen months have passed since the Defendants removed this case to federal court. It has thus been more than 120 days since the filing of the Complaint herein. Kiro has not served Graham, Silversmith, or Mariano with process. Kiro has not made any motion for an extension of time in which to effect service.

The Defendants move, pursuant to rule 4(m), 12(b)(4), and 12(b)(5), the Court to dismiss Graham and Silversmith from this case for failure to timely serve them.

## LAW REGARDING SERVICE OF PROCESS

Under rule 4(m) of the Federal Rules of Civil Procedure, a court must dismiss a defendant where a plaintiff has not effected service upon a defendant within 120 days of the filing of the complaint. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

Fed. R. Civ. P. 4(m). Under rule 4(l), "[i]f service is not waived, the person effecting service shall make proof thereof to the court." Fed. R. Civ. P. 4(l).

Rule 12(b)(4) and 12(b)(5) allows a defendant to defend upon the grounds of insufficient service of process. Under rule 12(h), however, a defendant raising the defense of "service of process must be raised in a party's first responsive pleading or by motion before the responsive pleading."

United States v. 51 Pieces of Real Property Roswell, N.M., 17 F.3d 1306, 1314 (10th Cir. 1994). See Fed. R. Civ. P. 12(h)(1). "If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses." Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992)(citing Fed. R. Civ. P. 12(h)(1)).

## ANALYSIS

Kiro contends that, by entering their appearance on behalf of "Defendants," Eaton & Krehbiel, P.C. made it unnecessary for him to serve Graham, Silversmith, and Mariano. Kiro contends that these three Defendants have already "appeared" in this matter. Kiro maintains that, after removing this matter on behalf of all Defendants, Eaton Law Office, P.C., successor to Eaton & Krehbiel, P.C., now attempts to limit its appearance to McKinley County and MTC. Kiro contends that this limitation is improper and that the Court should deny Graham, Silversmith, and Mariano's motion.

The Notice of Removal indicates that Kiro served his Complaint on Billy Moore, Ernest Becenti, Harry Mendoza, and McKinley County. Although the parties and the Court could not locate case law from the United States Court of Appeals for the Tenth Circuit addressing whether all defendants, including those who have not yet been served, must join in the notice of removal, several other district courts have concluded that, if defendants have not been served, then they need not join in the notice of removal. See, e.g., Jasper v. Wal-Mart Stores, 732 F. Supp. 104, 105 (M.D. Fla. 1990)(noting "all defendants, served at the time of filing the petition, must join in the removal petition"); Crawford v. Fargo Mfg. Co., 341 F. Supp. 762, 763 (M.D. Fla. 1972)("There is authority to the effect that all defendants need not sign the original removal petition. However, it is clear that all defendants who have been served must join in the petition for removal." (citation omitted)). See also 14C C. Wright, A. Miller, E. Cooper, J. Steinman, Federal Practice & Procedure § 3731

(2005)("[D]efendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal."). Thus, when the served Defendants removed the action to federal court, they may not have joined the unserved Defendants in that action.

Kiro, however, contends that, by entering an appearance on behalf of the "Defendants," Mr. Eaton waived service for Graham, Silversmith, and Mariano. Even assuming that Mr. Eaton did, in fact, enter an appearance on behalf of Graham, Silversmith, and Mariano, which Mr. Eaton maintains he never did, Kiro provides no authority to support the position that by entering an appearance, Mr. Eaton waived Graham, Silversmith, and Mariano's service of process. The plain language of rule 12(h) -- which states that the defense of lack of process or lack of proper service of process must be raised before the party's first "responsive pleading" -- does not support Kiro's contention. The Court could not locate any authority to support the assertion that, by entering an appearance on behalf of all Defendants, it would constitute a "responsive pleading" such that Mr. Eaton waived service as to the remaining Defendants who had not yet been served. To the contrary, the Court located case law from the United States Court of Appeals for the Seventh Circuit and the District of Columbia which rejected the argument that, by entering an appearance on behalf of a client, counsel waives the client's right to service of process. According to the Seventh Circuit, "the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants." Lewellen v. Morely, 909 F.2d 1073, 1077 (7th Cir. 1990). Accord Hudson v. Christian, No. 93-7240, 1994 WL 315471, at *1 (D.C. Cir. June 15, 1994)(per curiam)("[C]ounsel's entry of appearance in this court constitutes service on [the defendant] is without merit.").

There is no provision in the Federal Rules of Civil Procedure which addresses an attorney's entry of appearance on behalf of a client. However, under local rule 83.4: "An attorney must enter

an appearance or obtain leave of the Court to sign and file any pleading, motion or other paper. To enter an appearance, an attorney must[] file a written entry of appearance which includes the attorney's name, address, and telephone number." D.N.M.LR-Civ. 83.4(a). Moreover, under New Mexico Rule 1-089: "Whenever an attorney undertakes to represent a party, the attorney shall file a written entry of appearance in the cause." Rule 1-089(a) NMRA. Neither the District of New Mexico local rules, the Federal Rules of Civil Procedure, or the New Mexico rules, however, provide that, upon an entry of appearance, the attorney waives service of process for the parties he or she represents. If anything, the local rule requirement that an attorney must enter an appearance on behalf of his client serves as a convenience to the Court and to all parties in that it identifies the attorney to which pleadings and other materials should be sent. It does not, however, constitute a waiver of a party's right to service of process. Under rule 12, just as a party does not waive his right to contest personal jurisdiction or venue by having an attorney enter an appearance on their behalf, a party does not waive his right to service of process upon an attorney's entry of appearance on his behalf. Cf. 5B A. Wright & A. Miller, Federal Practice & Procedure, § 1344 (2004)("[I]t is no longer necessary to appear specially or employ any particular set of words to challenge a federal court's personal jurisdiction, venue or service of process.").[3]

---

[3] This case is distinguishable from the Tenth Circuit's decision in Jenkins v. City of Topeka, 136 F.3d 1274 (10th Cir. 1998), in which the Tenth Circuit addressed whether, in a diversity case, under Kansas law, the defendants' formal entry of appearance satisfied the state's service requirement. See id. at 1275. According to the Tenth Circuit, under Kansas law, "'[t]he filing of an entry of appearance shall have the same effect as service.'" Id. at 1275-76 (quoting Kan. Stat. Ann. § 60-203(c)). The Tenth Circuit concluded that because an entry of appearance effects service under Kansas law, the "defendants could not thereafter contest the sufficiency of the service by answer or motion." Id. Unlike in Jenkins v. City of Topeka, however, in this case the applicable law is federal law or New Mexico law, see Fed. R. Civ. P. 4(e)(1), and there is no comparable rule dictating that an entry of appearance effectuates service. Accordingly, the Tenth Circuit's decision in Jenkins v. City of Topeka does not control.

Moreover, removing an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process. See Phillips v. Mfrs. Trust Co., 101 F.2d 723, 727 (9th Cir. 1939)(holding that the "validity of the service [is] . . . not waived by removal); Ditkof v. Owens-Ill., Inc., 114 F.R.D. 104, 105 (E.D. Mich. 1987)("Removal does not waive any defense."). Because only MTC and McKinley County have filed answers in federal court, and Graham, Silversmith, and Mariano have not filed any other responsive pleading, they did not waive the defense of insufficiency of process and of service of process. See Fed. R. Civ. P. 12(b)(4), (5); id. at 12(h)(1). Thus, Graham, Silversmith, and Mariano have not waived the defense of insufficiency of process, and Kiro has failed to timely serve them process.[4] Because Mr. Eaton's entry of appearance did not waive their right to service of process, and because Graham, Silversmith, and Mariano have otherwise not waived service, Kiro was required to comply with rule 4 to maintain an action against both individuals.

Kiro has not shown good cause for his failure to serve Graham, Silversmith, or Mariano. See Whitsel v. United States, No. 99-5114, 1999 WL 987355, at **2 (10th Cir. Nov. 1, 1999). There being no compliance with rule 4(m), the Court will dismiss Graham, Silversmith, and Mariano if Kiro does not serve them within ten days of the hearing on this motion.[5]

---

[4] Kiro's counsel, at the hearing on this motion, argued that, by entering an appearance, Mr. Eaton made a general appearance, thereby obviating the need to serve Graham, Silversmith, and Mariano. See Transcript of Hearing at 5:11-18. Rule 12 of the Federal Rules of Civil Procedure, however, "abolishe[d] the distinction between general and special appearances." Investors Royalty Co. v. Market Trend Survey, 206 F.2d 108, 111 (10th Cir. 1953). Accordingly, this argument is without merit.

[5] At the hearing, after argument and oral rulings on this motion and on a motion to dismiss, Kiro reported that he would not serve these Defendants in federal court. Thus, there is no reason for the Court to delay entry of an order on the motion to dismiss or judgment in the case to afford Kiro an opportunity to serve these three Defendants.

**IT IS ORDERED** that the Court will grant Defendants' Motion to Dismiss Matthew "Cody" Graham and Shannon Silversmith for Failure to Timely Serve if Plaintiff Robert Patrick Kiro does not perfect service within ten days of the Court's April 21, 2005, hearing. If service is not perfected within ten days, the Court will dismiss Graham, Silverstone and Mariano without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

William G. Stripp
Ramah, New Mexico

    *Attorney for the Plaintiff*

P. Scott Eaton
James P. Barrett
Eaton Law Office, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*