# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT PATRICK KIRO,

        Plaintiff,

v.                                    No. CIV 03-1223 JB/ACT

BILLY W. MOORE, ERNEST C.
BECENTI, JR. AND HARRY H.
MENDOZA, BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF MCKINLEY, MANAGEMENT &
TRAINING CORPORATION, INC.,
a Delaware Corporation; MATTHEW
"CODY" GRAHAM; SHANNON
SILVERSMITH; ROSANDA MARIANO;
AND UNKNOWN PERSONS 1 through 100,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Pursuant to the Prison Litigation Reform Act, filed August 16, 2004 (Doc. 11). The Court held a hearing on this matter on April 21, 2005. The primary issue is whether the Plaintiff, Robert Patrick Kiro, has properly pled exhaustion of administrative remedies and thus compliance with the Prison Litigation Reform Act ("PLRA"). Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, and because the Complaint does not indicate that Kiro made any effort to comply with the PLRA's exhaustion requirements, the Court will grant the Defendants' motion in part, dismiss the federal claims, and remand the remaining claims -- all of which sound in

state law -- to state court.[1]

### FACTUAL BACKGROUND

Kiro's Complaint alleges that five inmates assaulted and beat up Kiro at the McKinley County Adult Detention Center on September 25, 2001, while he was incarcerated there as a pre-trial detainee.  See Complaint for Damages Due to a Deprivation of Rights Secured by the Constitution and Laws of the United States and New Mexico Pursuant to the Tort Claims Act (NMSA 1978, §§ 41-4-1 et seq.), And Pursuant to the Federal Civil Rights Act of 1871 (42 U.S.C. § 1983); And, Complaint for Damages Due to Common Law Negligence, No. CV-2003-340-II, ¶¶ 29-30, at 5 (11th Judicial Dist., McKinley County, New Mexico)(hereinafter, "Complaint").  The five inmates fractured Kiro's left cheekbone, causing his left eyeball to drop approximately two millimeters.  See id. ¶ 31, at 5.  Kiro's vision in his left eye is permanently impaired.  See id. ¶ 37, at 6.  He cannot see at a distance with his left eye.  See id. ¶ 38, at 6.  He has a permanent brown scar under his left eye.  See id. ¶ 39, at 6.

At the time of the assault, Kiro was in the McKinley County Adult Detention Center as a "pre-trial detainee," id. ¶¶ 1, 9, at 1, 3, while he was awaiting trial on charges of murdering a Gallup

---

[1] In his Response, Kiro requests leave to "amend his complaint to state that there was no grievance procedure available to him."  Response in Opposition to Defendants' Motion to Dismiss Pursuant to the Prison Litigation Reform Act ¶ 4, at 2.  At the hearing on this motion, the Court expressed its inclination to grant Kiro the right to file a motion for leave to amend the federal claims to comply with the PLRA.  In response, however, Kiro's counsel represented that, rather than allowing leave to amend the Complaint, he would prefer that the Court dismiss the federal claims without providing leave to amend and, instead, immediately remand the state law claims to state court.  See Transcript of Hearing at 8:13-17; id. at 14:7-14; id. at 14:22 - 15:17.  Accordingly, the Court will not include in its Order the ability to amend the Complaint and, instead, will dismiss all federal claims.

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

City police officer during a domestic violence incident.[2]  Kiro pled guilty on August 13, 2004, to second degree murder in connection with the death of the Gallup police officer.[3]  Kiro is now a prisoner committed to the custody of the Corrections Department of the State of New Mexico and was when he filed his Complaint.  Kiro remains in the Corrections Department's custody and will remain in its custody for the foreseeable future.

## PROCEDURAL BACKGROUND

Kiro filed his Complaint in state district court on September 22, 2003.  Kiro's Complaint seeks monetary damages and not any prospective relief.  See Complaint at 11.  Kiro's Complaint asserts that the Defendants are liable to him, pursuant to 42 U.S.C. § 1983 and under New Mexico state law, for their failure to protect him from other inmates.  See id. ¶¶ 40-70, at 6-11.

Kiro's Complaint does not contain any allegation that he attempted to or did exhaust his administrative remedies before filing suit.  Kiro's Complaint is based on the conditions of his confinement at the McKinley County Adult Detention Facility.  Kiro's Complaint does not show any compliance with the PLRA, 42 U.S.C. § 1997e, which is required for a prisoner to maintain a cause of action under the laws or Constitution of the United States based upon prison conditions.

The Defendants removed the case to federal court on October 22, 2003.  See Doc. 1.  The Defendants have answered and asserted Kiro's failure to comply with the PLRA, by raising the defense of failure to exhaust administrative remedies.  See MTC's Answer, Seventeenth Defense, at

---

[2] The Defendants, in their motion, do not offer any evidence to support on which charges Kiro was being held.  Kiro, however, at the hearing on this motion, made the same factual representation to the Court.  See Transcript of Hearing at 15:2-9.

[3] The Defendants do not offer support for this representation, but Kiro's counsel affirmed this sequence of events in his recitation of the facts at the hearing on this motion.  See Transcript of Hearing at 15:2-9.

7 (Doc. 7); McKinley County's Answer, Seventeenth and Eighteenth Defenses, at 8 (Doc. 2).

The Defendants move the Court, pursuant to rule 12(c) of the Federal Rules of Civil Procedure and the PLRA, 42 U.S.C. § 1997e, for an order dismissing the action. Under the authority of Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 n.4 (10th Cir. 2003), the Defendants bring their motion as a motion for judgment on the pleadings. Kiro opposes the motion. While Kiro asks for leave to amend, Kiro has not made a motion or asked opposing counsel's consent.

## STANDARDS GOVERNING MOTIONS TO DISMISS

Subsection (c) of rule 12 of the Federal Rules of Civil Procedures states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

A court dismisses an action pursuant to rule 12(c) under the same standard of review applicable to a rule 12(b)(6) motion. See McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991). A court will dismiss a claim under rule 12(c) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Ramirez v. Dep't of Corr., 222 F.3d 1238, 1241 (10th Cir. 2000); Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999); Huxall v. First State Bank, 842 F.2d 249, 250-51 (10th Cir. 1988).

## 42 U.S.C. § 1997e(c)(1)

The PLRA requires a prisoner to exhaust available administrative procedures and remedies

-4-

before filing suit for redress of alleged violation of rights based upon prison conditions which is brought pursuant to 42 U.S.C. § 1983.  The PLRA provides in § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory.  See Booth v. Churner, 532 U.S. 731, 741 (2001); Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001).

In Booth v. Churner, a state prisoner brought a § 1983 action alleging use of excessive force by prison guards in violation of the Eighth Amendment.  See 532 U.S. at 734.  The district court dismissed for failure to exhaust administrative remedies, which the United States Court of Appeals for the Third Circuit affirmed.  See id. at 735.  The Supreme Court, in affirming the Third Circuit's decision, held that the PLRA requires administrative exhaustion, even where the grievance process does not permit an award of monetary damages and the prisoner-plaintiff seeks only money damages.  See id. at 734, 741 & n.6.  The Supreme Court indicated that the grievance tribunal need only have authority to take some action.  See id. at 736.

The Supreme Court held that the language of the PLRA's exhaustion requirement applies to all available procedural remedies, not merely to a particular species of redress.  See id. at 734, 741 & n.6.  The Supreme Court found that, whether the plaintiff filed a claim for monetary or non-monetary relief or both, the prison's grievance procedure is still considered available and the prisoner must exhaust it to comply with the PLRA.  See id. at 736, 741.  This requirement remains applicable "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible," because one "'exhausts' processes, not forms of relief."  Id. at 739.  As the Supreme Court stated:

-5-

> Congress's imposition of an obviously broader exhaustion requirement makes it highly implausible that it meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms.
>
> Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.

Id. at 740-41.

In the Tenth Circuit, "a prisoner must plead exhaustion in his complaint." Steele v. Fed. Bureau of Prisons, 355 F.3d at 1209. The exhaustion requirement applies to claims such as the one Kiro has brought in this case. See Porter v. Nussle, 534 U.S. 516, 520, 532 (2002)(holding that exhaustion requirement applied to inmate's claims that corrections officers beat him without justification). The PLRA applies to MTC. See, e.g., Murphy v. Jones, No. 01-35336, 2001 WL 1450636, at **1 (9th Cir. Nov. 15, 2001)(unpublished decision)(concluding that the PLRA's plain language mandates its application to private facilities); Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999).

In keeping with Booth v. Churner and Porter v. Nussle, the Tenth Circuit is committed to strict adherence to the PLRA's exhaustion requirements. See Jernigan v. Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002)(warning against "trivializ[ing] the Supreme Court's holding . . . that exhaustion is now mandatory"); Yousef v. Reno, 254 F.3d at 1221. In Yousef v. Reno, in dismissing the plaintiff's case for failure to exhaust administrative remedies for a claim based in monetary relief, the Tenth Circuit stated:

> The Supreme Court's holding in Booth [v. Churner] forecloses [the plaintiff's] argument. In Booth, the Court concluded that s 1997e(a) mandates exhaustion "regardless of the relief offered through administrative procedures." Booth v. Churner, [532 U.S. at 741] . . . . Furthermore, the Court rejected [the plaintiff's] suggestion that a futility exception should relieve him of the need to apply to an

-6-

agency that allegedly has no power to decree relief: "we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at [741] n.6.

Yousef v. Reno, 254 F.3d at 1221.

Likewise, in Farrell v. Addison, 34 Fed. Appx. 650, 652 (10th Cir. Apr. 17, 2002)(unpublished decision), the Tenth Circuit found that "Congress's intent is made clear by the specific and unqualified language of the statute, which mandates exhaustion in all suits 'brought with respect to prison conditions.'" Id. at 652 (quoting 42 U.S.C. § 1997e(a)). The Tenth Circuit found that it could not, "in the face of such a clear directive, weigh the fairness of the exhaustion requirement or entertain exemptions from its reach." Farrell v. Addison, 34 Fed. Appx. at 652 (citing Porter v. Nussle, 534 U.S. at 520, 532)(holding exhaustion required for all prisoner suits, regardless whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrongs).

The defendant does not have to prove that the plaintiff did not comply with the PLRA. See Steele v. Fed. Bureau of Prisons, 335 F.3d at 1209-10. The Tenth Circuit places the burden on the prisoner-plaintiff to plead exhaustion and compliance with the PLRA. See id. at 1210 ("[W]e conclude that § 1997e(a) imposes a pleading requirement on the prisoner."). As the Tenth Circuit has stated:

> "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles El [v. Toombs], 215 F.3d [640,] 642 [(6th Cir. 2000)]. To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity.

Steele v. Fed. Bureau of Prisons, 335 F.3d at 1211. "Thus, a complaint 'that fails to allege the

-7-

requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" Id. (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)).

To state a claim in compliance with the PLRA, a prisoner must:

([i]) plead his claims with "a short and plain statement . . . showing that [he] is entitled to relief," in compliance with Fed. R. Civ. P. 8(a)(2), and ([ii]) "attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."

Steele v. Fed. Bureau of Prisons, 335 F.3d at 1210 (quoting Knuckles El v. Toombs, 215 F.3d at 642).

The PLRA applies to requests for monetary judgments.  The Supreme Court has found that plaintiffs seeking either or both kinds of relief must comply with PLRA's terms.  See Booth v. Churner, 532 U.S. at 740-41.  The Supreme Court's decision in Booth v. Churner, however, does not require inmates to exhaust administrative procedures that lack authority to provide any relief or to take any action in response to a complaint.  See id. at 736.

It is proper for the court to dismiss a prisoner's complaint where it shows on its face that the plaintiff has not complied with the PLRA.  In sum, unless an inmate-plaintiff exhausts administrative remedies before filing suit, the court should dismiss the lawsuit.  See Yousef v. Reno, 254 F.3d at 1216 n.1, 1222-23; Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002).  A court can dismiss a complaint that does not comply with the PLRA's exhaustion requirement even in the absence of a motion by the defendant.  See 42 U.S.C. § 1997e(c)(1).  That section requires courts to dismiss actions that fail to state a claim, even without a defense motion.  See Steele v. Fed. Bureau of Prisons, 355 F.3d at 1210.

## AMENDMENT TO PLEADINGS

Local rule requires that a proposed amendment to a pleading accompany a motion to amend. See D.N.M.LR-Civ. 15.1.  Rule 15 of the Federal Rules of Civil Procedure requires that requests to amend pleadings be made by motion or consent of the parties.  See Fed. R. Civ. Proc. 15(a).

## SUPPLEMENTAL JURISDICTION

When a plaintiff originally files his case in federal court, dismissal of pendent state claims is appropriate when there is no longer a federal claim to support jurisdiction in the federal court.  See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).  See also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  When a federal claim no longer supports supplemental jurisdiction, the Tenth Circuit has recognized that, consistent with 28 U.S.C. § 1367(c)(3), the ordinary response will be to dismiss the state law claims without prejudice.  See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d at 1237; Ball v. Renner, 54 F.3d at 669.

## ANALYSIS

**I.    KIRO'S FEDERAL CLAIMS MUST BE DISMISSED BECAUSE THE FACE OF THE COMPLAINT DOES NOT INDICATE OR ADDRESS WHETHER KIRO ATTEMPTED TO EXHAUST ADMINISTRATIVE REMEDIES AS REQUIRED UNDER THE PLRA.**

Kiro must, as a matter of law, exhaust administrative remedies before filing this lawsuit, as his claims fall within the scope of the PLRA.  See, e.g., Porter v. Nussle, 534 F.3d at 520, 532;

Yousef v. Reno, 254 F.3d at 1221.[4]  It is not relevant to Kiro's responsibilities under the PLRA that

he seeks monetary as opposed to prospective relief.  This argument cannot defeat the Defendants'

motion.

Kiro's complaint does not, on its face, show that he complied with the PLRA or attempted

to comply with the PLRA.  The Complaint's allegations do not mention the Act, that Kiro filed any

grievance, or that he made any effort to meet the Act's exhaustion requirement.  Kiro did not address

the exhaustion requirement in his complaint.  He does not discuss grievance or exhaustion in his

complaint.  Kiro's Complaint does not allege compliance with the PLRA or that he attempted to

comply.  Specifically, Kiro's Complaint fails to state that he attempted any exhaustion.  As such, Kiro

---

[4] Before the hearing, the Court asked the parties to be prepared to discuss at the hearing, with
supporting authorities, whether Kiro must exhaust administrative remedies under the PLRA because
he is currently incarcerated at a facility different from the one in which the alleged assault occurred,
and, if so, at which facility he must exhaust such remedies.  See Minute Order, filed April 21, 2005
(Doc. 18).  At the hearing, the Defendants' counsel presented the Court a decision from the United
States Court of Appeals for the First Circuit, Medina-Claudio v. Rodriguez, 292 F.3d 31 (1st Cir.
2002), in which the First Circuit rejected "the proposition that an inmate who is transferred to a new
facility need not exhaust the administrative remedies of the first facility before filing suit against it or
against any of its employees."  Id. at 35.  The First Circuit distinguished a prison transferred to
various facilities from a plaintiff who "is no longer a 'prisoner' by virtue of his release."  Id.  The First
Circuit explained: "The fact that [the plaintiff] happened to be a prisoner in various locations, and
under the custody of different officials, does not affect his obligation to exhaust his administrative
remedies before filing suit."  Id.  The Tenth Circuit, while not addressing the precise issue, rejected
a prisoner's contention that he could not file "a grievance because he was moved from jail to jail . .
. ."  Turrietta v. Barreras, 91 Fed. Appx. 640, 641 (10th Cir. Feb. 5, 2004)(unpublished decision).
As the Tenth Circuit explained: "The mere fact that he was transferred and confined does not direct
the conclusion that he was thereby prevented from filing a grievance . . . ."  Id.  Although the Tenth
Circuit did not expressly hold that transferred prisoners must exhaust the administrative remedies
under the PLRA before filing a lawsuit, the Tenth Circuit acknowledged that the alleged incident
occurred in a separate jail from the one in which he resided at the time he filed his complaint.  See id.
at 640.  Based on this case law, and statute's plain language, the Court finds that, even though
Kiro is incarcerated at a different facility than the one in which the alleged incident occurred, he must
still exhaust administrative remedies before filing a lawsuit.  The Court need not, on this motion,
decide where or how he must exhaust his remedies.  Medina-Claudio v. Rodriguez, 292 F.3d at 35
(suggesting exhaustion must occur at the facility where the incident occurred).

did not meet the pleading requirements for sustaining his federal claim.  See Steele v. Fed. Bureau of Prisons, 335 F.3d at 1210.

Kiro contends that, to his knowledge, the Defendants had no available administrative remedies and no grievance procedure that he could follow.  Kiro also argues that there was no grievance system available that would have provided him with monetary damages, which is the only relief that he is seeking.  See Snider v. Melindez, 199 F.3d 108, 113 n.2 (2d Cir. 1999)(stating that "the provision clearly does not require a prisoner to exhaust administrative remedies that do not address the subject matter of his complaint").  Kiro has not, however, filled in the gaps of his Complaint's failure to provide any averments concerning exhaustion.  These statements in his brief certainly are not the "particularized averments" that the Tenth Circuit required in Steele v. Federal Bureau of Prisons. 355 F.3d at 1211.  Kiro's unsupported response to the effect that there might not have been a grievance process available to him is not sufficient to meet his burden.

Because Kiro's Complaint does not allege any efforts to comply with the PLRA, the Court will dismiss his claims under 42 U.S.C. § 1983 as premature.  See Booth v. Churner, 532 F.3d at 741.  Therefore, at a minimum, the Court will dismiss Kiro's claims under 42 U.S.C. § 1983 and the laws and Constitution of the United States -- the Second Cause of Action and that part of the First Cause of Action based in federal law.

At the hearing, the Court indicated its willingness to allow Kiro to seek leave to amend his complaint to state that there was no grievance procedure available to him.  In his Response, Kiro stated that the Court should allow him to amend his Complaint to state that there was no grievance procedure available to him.  At the hearing, however, Kiro's counsel indicated that, rather than allowing leave to amend the Complaint, he would prefer that the Court dismiss the federal claims

-11-

without providing leave to amend and, instead, immediately remand the state law claims to state court.  <u>See</u> Transcript of Hearing at 8:13-17; 14:7-14; 14:22 - 15:17.  Accordingly, the Court will not include in its Order the ability to amend the Complaint and, instead, will dismiss all federal claims.

## II.  <u>THE COURT WILL REMAND THE STATE LAW CLAIMS.</u>

The Court has decided that Kiro did not comply with the PLRA, and because Kiro has declined the Court's invitation to amend his Complaint, the Court will dismiss his federal claim. Having dismissed the claim on which this Court had original jurisdiction, it will remand the state claims to state court, where Kiro originally filed the matter.

The Defendants contend that the Court should exercise its discretion to dismiss Kiro's pendent state claims.  The Defendants do not, however, provide any reason for the Court to deviate from the general rule that state law claims should be remanded after federal claims are dismissed in a removed case.

Having dismissed the claim on which the Court had original federal jurisdiction, the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law claims.  <u>See</u> <u>Pruitt v. Comcast Cable Holdings, LLC</u>, 100 Fed. Appx. 713, 717 (10th Cir. June 3, 2004)(unpublished decision)(holding that the district court's refusal to exercise supplemental jurisdiction over plaintiff's state law contract claims after dismissing all federal claims was "clearly authorized under 28 U.S.C. § 1367(c)(3)").  Under 28 U.S.C. § 1367(a),  "in any civil action of which the district courts have original jurisdiction, [a] district court[] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

-12-

Constitution." A district court, however, "may decline to exercise supplemental jurisdiction . . . if[:]"

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The third provision applies to this case. The Court has dismissed the claim on which it had original jurisdiction -- the § 1983 claim for malicious prosecution and false arrest. The remaining claims sound in state law.

The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it. In United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), decided more than twenty years before Congress passed 28 U.S.C. § 1367, the Supreme Court addressed the federal district courts' ability to exercise jurisdiction over state law claims. In explaining that such power existed, the Supreme Court noted that it "need not be exercised in every case in which it is found to exist." Id. at 726. The Supreme Court continued:

Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Id. (footnotes omitted). See Bd. of County Comm'rs v. Geringer, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002)("[T]he district court's ruling [in which it declined to review the state law claims] comports with our general admonishment that district courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial

-13-

. . . .").

Accordingly, the Court will remand all state law claims to state court.

**IT IS ORDERED** that the Defendants' Motion to Dismiss Pursuant to the Prison Litigation Reform Act is granted and judgment is entered on the pleadings dismissing the Plaintiff's federal claims without prejudice.[5]  The Court will enter Final Judgment and remand the state claims to the Thirteenth Judicial District, County of McKinley, State of New Mexico.  The Defendant may apply for costs, if any, under the Court's local rules.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

William G. Stripp
Ramah, New Mexico

    *Attorney for the Plaintiff*

P. Scott Eaton
James P Barrett
Eaton Law Offices, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendants Management and Training Corporation
    and McKinley County*

---

[5] At the hearing, the Defendants' counsel urged the Court to dismiss the federal claim with prejudice.  As the Court explained at the hearing, "a dismissal based on lack of exhaustion should ordinarily be without prejudice." Fitzgerald v. Corr. Corp. of America, __ F.3d __, 2005 WL 827139 (10th Cir. Apr. 11, 2005)(citing Steele v. Fed. Bureau of Prisons, 355 F.3d at 1213).  The Defendants have not offered a sufficient ground for the Court to deviate from this general rule.  Accordingly, the Court will dismiss the federal claim without prejudice.